UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL DAVIDSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-196-WTL-DML |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

Habeas petitioner Davidson seeks a writ of habeas corpus invalidating a prison disciplinary proceeding identified as No. CIC 13-0800404, wherein Davidson was found guilty of use of intoxicants. The evidence favorable to the challenged decision is that on during the morning of August 30, 2013 a large bag of an orange liquid substance that smelled of alcohol was found in the cell assigned to Davidson at the Correctional Industrial Facility, an Indiana prison.

Davidson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). That is not the case here. The conduct report constitutes sufficient evidence of Davidson's violation of prison rules. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). Davidson was not entitled to forensic testing of the orange liquid substance. *Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary

hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Davidson to relief. His argument that the protections afforded by *Wolff* were not provided is based on an assertion which does not entitle him to the relief he seeks. Accordingly, he is not entitled to the relief he seeks. That petition must therefore be **denied** and the action dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/16/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

DANIEL DAVIDSON
141017
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064